CITY OF HAVERHILL *vs.* COMMISSIONERS OF CIVIL SERVICE.

Essex.   April 7, 1933. — June 28, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Civil Service.   Haverhill.   Municipal Corporations.*

By reason of the provisions of St. 1931, c. 123, §§ 2, 3, the municipal council of Haverhill as such had no authority to create an office of director of hospitalization with duties measured by rules and regulations imposed upon the incumbent thereof by the municipal council in the trust capacity created by § 3 of the statute.

The incumbent of the office of director of hospitalization of the city of Haverhill in 1932, appointed by the members of the city council acting as trustees under § 3 of St. 1931, c. 123, was subject to the civil service laws, G. L. (Ter. Ed.) c. 31.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Essex on December 14, 1932, and described in the opinion.

The suit was heard by *Crosby*, J., upon an agreed statement of facts, and a final decree dismissing the bill was entered.   The plaintiff appealed.

The case was argued at the bar in April, 1933, before *Rugg*, C.J., *Pierce*, *Field*, & *Donahue*, JJ., and afterwards was submitted on briefs to all the Justices except *Crosby*, J.

*G. Karelitz*, City Solicitor, for the plaintiff.

*J. E. Warner*, Attorney General, & *C. F. Lovejoy*, Assistant Attorney General, for the defendants, submitted a brief.

PIERCE, J.   This is an appeal by the city of Haverhill from a decree of the Supreme Judicial Court in equity dismissing a bill of complaint brought by the city against the commissioner and associate commissioners of civil service, praying that the respondents be restrained "from classifying the office of director of hospitalization of the city of Haverhill under the civil service."

It appears from the record that the commissioner of civil service had had correspondence with the city clerk relative

to the question whether the position of director of hospital-
ization was under civil service and on November 22, 1932,
had sent the city clerk a letter which reads: "Referring to
our correspondence in relation to the position of Director
of Hospitalization, I have carefully reviewed the matter
and am of the opinion that this position is classified under
Civil Service. Formal requisition should, therefore, be
made to fill the position. I am enclosing a blank for your
use." The city contends that the position is exempt from
civil service under G. L. (Ter. Ed.) c. 31, § 5, which exempts
"officers elected . . . by a city council" and also "heads of
principal departments . . . of a city."

Before March 24, 1931, the city of Haverhill had certain
hospitals which were managed and controlled by different
superintendents within the civil service. These several
superintendents under the then ordinances were not officers
elected by the city council, nor were they heads of princi-
pal departments. . Indeed, by the terms of the ordinance
"Hospitals" were created as subdepartments of the admin-
istration and were assigned to the main department of
"Health and Charities" which was in charge of a member
of the municipal council known as the commissioner of
such department.

By St. 1931, c. 123, and in accordance with the condi-
tions and terms of a decree of the Supreme Judicial Court,
the city of Haverhill was authorized "to establish and
maintain public hospitals and to acquire the Hale Hospital
provided for such purposes." Section 2 provides in part
that "The management and control of all property received
under this section shall be in said city through the trustees
designated in section three. All employees of said hospital
at the time the said city acquires the same shall continue
to perform their usual duties as temporary employees of
said city upon the same terms and conditions as existing
at the time of said acquisition and unless removed for cause
or appointed to permanent positions, prior to the expira-
tion of six months from the date of such acquisition, shall
become permanent employees of said city and shall there-
after hold office under civil service. Prior to the expira-

tion of such period they may be appointed to permanent positions without civil service examinations." Section 3 reads: "The members of the municipal council of said city shall be the trustees of all municipal hospitals of the said city, including the General Stephen Henry Gale Hospital, and the said Hale Hospital if acquired as provided under section two." In pursuance of St. 1931, c. 123, §§ 1, 2, 3, the city of Haverhill acquired and established public hospitals including the Hale Hospital. By reasons of economy and efficiency the positions of superintendent of the various hospitals were abolished on November 17, 1931, and on November 24, 1931, "George J. Connor was . . . duly elected Director of Hospitalization Pro-tempore, to serve without pay." On January 26, 1932, an order was passed in the municipal council which reads: "Ordered: That there be elected for the term from February 1, 1932, to the 1st Monday of January 1933, a Director of Hospitalization who shall conduct the business affairs of the public hospitals of the City of Haverhill except as to such matters that are subject to the management and control of the trustees of said hospitals and as to such matters, said Director shall act only at the request of said trustees." On the same date William W. Savage was elected director of hospitalization and was serving in that capacity at the date of the bill of complaint. The trustees of the municipal hospitals, that is the members of the city council, then passed rules and regulations defining "as far as is practicable, the duties and the relations of the several officials and employees connected with the Municipal Hospitals." The rules and regulations are quoted at length in the record and define with great detail the powers and duties of the director of hospitalization. The city of Haverhill under the authority of St. 1931, c. 123, § 2, acquired title to the Hale Hospital property; it, apparently, thereafter had title to all municipal hospitals of the city with the management and control of them through the trustees created by § 3.

We think the municipal council of Haverhill had no authority to create the office of director of hospitalization, with duties measured by rules and regulations imposed

upon the incumbent thereof by the municipal council in its trust capacity. The powers conferred and the duties imposed upon the director of hospitalization are not such as are ordinarily performed by a mere employee. His duties are such as might properly be termed official, but in the circumstances here disclosed the official who holds the position of director of hospitalization does so under the rules of the board of trustees and not as an officer of the municipal council. It follows that the office, or rather the incumbent of the office, of director of hospitalization of the city of Haverhill is subject to the civil service laws, G. L. (Ter. Ed.) c. 31, and that such incumbent is not exempt therefrom because the duties of that office are commonly exercised by a city official. In passing it is to be noted that it is questionable whether the plaintiff has any standing, has any substantive right to be vindicated in any court be it law or equity. Since the practical result to the plaintiff must be the same in any event, there is no objection to stating the grounds of substantive law on which it rests.

*Decree affirmed.*